# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# NORTHERN DIVISION

**In re**
**DENNIS ROBERT ROWLEY, JR.**

**CASE NO. 9:21-BK-11012-MB**
**CHAPTER 7**

    Debtor

**DENNIS ROBERT ROWLEY, JR.**
        **Plaintiff**

    vs.

**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY**

**ADV. PRO. CASE NO:**

    **Defendants**

### Debtor's Complaint to Determine Federal Student Loans Dischargeable For "Undue Hardship" under 11 U.S.C. § 523(a)(8)

### Nature of Action

1. This is an adversary proceeding by which the Debtor seeks a declaration that Federal student loans constitute an undue hardship for the Debtor and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

### Jurisdiction and Venue

2. On October 13, 2021, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Central District of California for relief under 11 U.S.C. § 727, Chapter 7 of the Bankruptcy code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C § 1409.

### Parties

6. Plaintiff, Dennis Robert Rowley, Jr., is the Debtor in the above captioned case. He is the recipient of Federal student loans.

7. Defendant Pennsylvania Higher Education Assistance Agency is a Pennsylvania entity, headquartered in Harrisburg, Pennsylvania, and is a guarantee agency for FFEL Federal student loans, including the one at issue in this complaint. It is the holder of the loan at issue, pursuant to the Higher Education Act.

**Factual Allegations**

8. Rowley is a resident of Arroyo Grande, California.

9. Rowley is the recipient of Federal student loans.

10. In May of 2001, Rowley and his then wife, consolidated their loans together into what is called a joint spousal consolidation loan under the FFEL program.

11. The amount of the loan at origination in 2001 was $91,887.

12. The current balance is nearly $380,000, an increase of more than 300%

13. The Rowley's finalized their divorce on January 1st, 2021.

14. The minimum monthly payment prior to filing was $2,100.

15. While this loan is eligible for an Income Based Repayment (IBR), Rowley's ex-wife must be a willing participant in the application process, which includes submitting proof of her annual income.

16. Rowley's ex-wife is not interested in assisting in the IBR application process.

17. Rowley works for Public Service Loan Forgiveness (PSLF) eligible employers; however, this loan is not eligible for PSLF.

18. The only way to for Rowley to be eligible for PSLF is to consolidate this loan over to the Direct Loan program.

19. This loan is not eligible for consolidation; thus, Rowley will never be eligible for PSLF.

20. Congress terminated the joint spousal consolidation option in 2006.

21. Congress did not create an exit ramp for divorced couples. That is, they did not create a mechanism whereby these loans can be split.

22. Regardless of what a state court divorce decree says, the Federal student loans are not subject to the jurisdiction of a State Court Judge, nor is it easy to simply "refinance" a Federal student loan to remove one of the ex-spouses.

23. If Rowley cannot obtain a discharge or an affordable payment plan through this adversary proceeding, he will be unable to pay the minimum monthly payment and the loan will default.

24. Though this loan can be rescued from default, it can only be done with cooperation of his ex-wife, which is not likely to happen.

25. As a result of default, Rowley's wages can be garnished, his federal tax refund (if any), can be intercepted, and social security (when he begins collecting) can be offset.

26. The loan balance is so high that any funds received through a default remedy will never touch the principal, because by law, those funds go towards interest first.

27. The monthly accrued interest is $2,250.

28. In other words, Rowley will never begin to pay principal until he can afford a payment of more than $2,250 a month.

29. Default remedies will never collect funds equal to or near $2,250 a month.

30. Because there is no Statute of Limitations for collections of a defaulted Federal student loan, Rowley will be subjected to these default remedies until he dies.

31. Further, the remedies may impact Rowley to the point that he is forced to file repeat bankruptcies simply to protect himself from wage garnishment, tax refund intercepts, and social security offsets.

32. Rowley filed bankruptcy to free himself of financial burden to enable him to maintain a basic sense of living.

33. Rowley has limited his living expenses as best possible given his income, which has been impacted by the global pandemic.

34. Rowley has made payments on this loan, however, his divorce left him in financial ruin which required the filing of a bankruptcy.

35. Rowley's income is not likely to increase to the point that this loan will ever be affordable.

36. This loan represents an undue hardship to Rowley.

### Claims for Relief

*Declaration that Federal Student Loan Obligations Should be Discharged Pursuant to Section 523(a)(8)*

37. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. The repayment of Federal student loans made to Rowley would be an undue hardship to him.

39. As a result, his Federal student loan obligations should be discharged pursuant to Bankruptcy code section 523(a)(8).

   WHEREFORE, the Debtor demands judgment declaring that his Federal student loans are discharged pursuant to Bankruptcy Code section 523(a)(8).

Dated February 3, 2022

>Respectfully Submitted,
>DENNIS ROBERT ROWLEY, JR.
>By his attorney,
>/s/Joshua Cohen
>   Joshua Cohen, pro hac vice
>   Cohen Consumer Law, PLLC
>   PO Box 1040
>   St. Albans, VT 05478
>   Tel: 802-380-8887
>   Fax: 860-233-0339
>   jcohen@thestudentloanlawyer.com